# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSE ROSARIO-FABREGAS,
              Appellant,

              v.

DEPARTMENT OF THE ARMY,
              Agency.

DOCKET NUMBERS
NY-0752-10-0127-C-2
NY-0752-10-0127-X-1

DATE: SEPTEMBER 11, 2014

# THIS ORDER IS NONPRECEDENTIAL[1]

Jose Rosario-Fabregas, San Juan, Puerto Rico, pro se.

Elizabeth Vavrica, Esquire, Jacksonville, Florida, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      On December 3, 2013, the administrative judge issued a compliance initial decision finding the agency in noncompliance with the Board's November 30, 2011 Final Order reversing the appellant's removal. MSPB Docket No. NY-0752-10-0127-C-2 (C-2), Compliance File, Tab 20, Compliance Initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Decision (CID) at 4-5; MSPB Docket No. NY-0752-10-0127-I-1 (I-1), Petition for Review (PFR) File, Tab 21 at 2, 5.  The administrative judge ordered the agency to reassess its handling of several matters.  C-2, CID at 6-7.  The agency did not take action under 5 C.F.R. § 1201.183(6) within the time limit for doing so, and therefore this matter was referred to the Board for processing under the enforcement provisions of 5 C.F.R. § 1201.183(c)(1).  *See* 5 C.F.R. § 1201.183(b).  Meanwhile, the appellant filed a petition for review of the compliance initial decision.  C-2, PFR File, Tab 1.  We address both the compliance referral action and the petition for review of the compliance initial decision in this Order.

¶2    For the reasons discussed below, we find the agency in compliance regarding the matters that the administrative judge ordered it to address in her compliance initial decision.  We therefore DISMISS the petition for enforcement concerning those issues.  However, we GRANT the petition for review of the compliance initial decision and REMAND the petition for enforcement for the administrative judge address some other issues with which there are still outstanding questions of compliance.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶3    Effective February 12, 2010, the agency removed the appellant from the position of GS-12 Project Manager (Biologist).  I-1, Initial Appeal File, Tab 4 at 22, 25-27.  On November 30, 2011, the Board issued a Final Order reversing the removal on due process grounds.  I-1, Final Order at 2, 5 (Nov. 30, 2011).  The Board's decision contained the standard language ordering status quo ante relief. Final Order at 5-6.  The agency retroactively cancelled the appellant's removal on December 2, 2011.  MSPB Docket No. NY-0752-10-0127-C-1 (C-1), Compliance File, Tab 6 at 7.

¶4    The appellant filed a petition for enforcement on January 30, 2012, arguing that the agency had not complied with the Board's order in several ways.  C-1,

Compliance File, Tab 1.  On May 30, 2012, the administrative judge issued a compliance initial decision finding the agency in compliance and denying the petition.  C-1, CID (May 30, 2012).  The appellant attempted to file a petition for review of that decision.  However, he sent the petition to the U.S. Court of Appeals for the Federal Circuit by mistake; therefore, the Board never received it nor docketed it.  C-2, Compliance File, Tab 3 at 4.  That compliance initial decision became final on July 4, 2012.  C-1, CID at 5; *see* 5 C.F.R. § 1201.113.

¶5        On February 19, 2013, the appellant filed another petition for enforcement.  C-2, Compliance File, Tab 1.  He alleged that the agency was in noncompliance as to his (1) back pay, C-2, Compliance File, Tab 3 at 5, Tab 5 at 5, Tab 13 at 5; (2) Thrift Savings Plan (TSP) contributions, *id*., Tab 1 at 4-5, Tab 3 at 5, Tab 5 at 6-7, Tab 7 at 4-6, Tab 13 at 7-8; (3) Federal Employee Health Benefit (FEHB) deductions, *id*., Tab 1 at 5-6, Tab 3 at 5, Tab 5 at 6-19, Tab 7 at 5-6, Tab 13 at 5-6, 11; (4) Federal Employee Group Life Insurance (FEGLI) deductions, *id*., Tab 13 at 6-7; (5) Social Security (OASDI) tax deductions, *id*., Tab 13 at 8; and (6) and income tax reporting requirements, *id*., Tab 13 at 8-10, Tab 17 at 4-5.

¶6        The administrative judge detected discrepancies in several matters and granted the petition for enforcement in part.  C-2, CID at 4-5.  She issued a compliance initial decision ordering the agency to reassess its handling of the TSP contributions, FEHB deductions, and OASDI and Medicare tax deductions, provide explanatory statements clarifying its handling of these matters, and make and explain any necessary corrections.  C-2, CID at 6-7.  The appellant has filed a petition for review and the agency has filed a response.[2]  C-2, PFR File, Tabs 1, 5.

---

[2] The appellant filed three additional submissions as well.  C-2, PFR File, Tabs 3, 4, 6.  These submissions were filed outside the time limit for filing a petition for review, and the Board's regulations do not otherwise provide for them.  *See* 5 C.F.R. § 1201.114(a).  Therefore, we have not considered these submissions.

¶7  Meanwhile, the agency failed to make a timely submission with the Clerk of the Board under 5 C.F.R. § 1201.183(a)(6) as required when the administrative judge made her finding of noncompliance. Therefore, while the petition for review was pending, the matter was referred for processing under the enforcement provisions of 5 C.F.R. § 1201.183(c). MSPB Docket No. NY-0752-10-0127-X-1 (X-1), Compliance Referral File, Tab 1; *see* 5 C.F.R. § 1201.183(b). The agency responded, asserting that it is in substantial compliance, with the exception of the OASDI and Medicare tax deductions, for which it is awaiting action from the Social Security Administration (SSA). X-1, Compliance Referral File, Tabs 2-4. The appellant has replied, arguing that the agency is still in noncompliance. X-1, Compliance Referral File, Tabs 5-6.

Compliance Referral File (X-1)

¶8  In accordance with the orders issued by the Clerk of the Board and the administrative judge, the agency reviewed the actions taken in connection with the appellant's TSP account and confirmed that they had been processed correctly as of March 14, 2014. X-1, Compliance Referral File, Tab 3 at 5-6. The agency explained the discrepancy between its initial attempt to allocate the TSP deductions and its March 14, 2013 allocation, the latter of which the Defense Finance and Accounting Service (DFAS) confirmed was correct. *Id*. at 5-6, 18-41.

¶9  The agency also reviewed the FEHB deductions and determined that the appellant requested and was entitled to a refund of the premiums from the pay period ending on February 27, 2010, through the pay period ending on December 3, 2011. *Id.* at 4-5. It calculated the total premiums from this period as amounting to $3,649.08 and paid this amount to the appellant. *Id.* at 4, 10-12.

¶10  Finally, the agency explained that DFAS had requested SSA to process the appellant's OASDI and Medicare tax deductions and provided SSA complete and accurate information to carry out this request. *Id.* at 6, 13-17. The agency

asserted that this was the last step within DFAS's control to accomplish compliance with the administrative judge's order. *Id*. at 6.

¶11 The appellant responded, arguing that the agency's evidence of compliance pertains only to the administrative judge's December 13, 2013 compliance initial decision and not to the Board's November 30, 2011 Final Order. X-1, Compliance Referral File, Tab 1 at 4. In this regard, we find that the purpose of the compliance action and the compliance initial decision is to ensure the agency's compliance with the original status quo ante relief order. 5 C.F.R. §§ 1201.182-1201.183. The only issue in the compliance referral action is whether the agency has carried out the administrative judge's order in the compliance initial decision.[3] 5 C.F.R. § 1201.183(c)(1).

¶12 The appellant also argues that the agency's original erroneous removal action and its erstwhile failure to comply with the Board's November 11, 2013 Final Order should cast doubt on its present assertions of compliance. X-1, Compliance Referral File, Tab 5 at 4-5, 18-19. We understand the appellant's frustration with the agency's missteps, but we must objectively evaluate the agency's evidence of compliance on the record evidence and argument.

¶13 The appellant further argues that the errors that the agency committed in the underlying removal action and its compliance efforts lend support to his

---

[3] In the compliance referral matter, the appellant makes numerous allegations of deficiencies in the compliance initial decision and raises several issues of noncompliance for the first time. X-1, Compliance Referral File, Tab 5 at 5, 8-14, Tab 6 at 4-6. To the extent that the appellant believes that the compliance initial decision did not address all issues of noncompliance, the appropriate action is either to file a petition for review of the compliance initial decision or a new petition for enforcement. *See* 5 C.F.R. §§ 1201.182(a), 1201.183(a)(4). Thus, these matters are not properly before the Board in this compliance referral action. We will review these allegations in connection with the appellant's petition for review of the compliance initial decision to the extent that he raised them in a proper filing related to his petition for review of the compliance initial decision. To the extent that the appellant is attempting to raise new allegations of noncompliance, he must file a new petition for enforcement. If he chooses to do so, he must show good cause for his filing delay. 5 C.F.R. § 1201.182(a).

arguments on the merits of his other pending appeals.[4]  X-1, Compliance Referral File, Tab 5 at 5-6, 9-10, 15-18, 20, Tab 6 at 7.  To the extent that the appellant believes that this is the case, he must raise this argument in those appeals.  The instant compliance referral is not the proper place to make arguments related to those other appeals.

¶14    The appellant also alleges that the agency's difficulty in complying with the Board's November 30, 2011 Final Order was the result of agency officials purposely using an incorrect code on the Standard Form (SF) 50 cancelling his removal.  X-1, Compliance Referral File, Tab 5 at 6-7.  It is unclear what remedy the appellant seeks for this alleged conduct.  To the extent that he wishes the Board to sanction agency officials for this under 5 U.S.C. § 1204(e)(2)(A), we decline to do so.  The purpose of sanctions under this provision is to obtain compliance and, once compliance is achieved, sanctions are inappropriate.  *Martin v. Department of Justice*, 99 M.S.P.R. 59, ¶ 16 (2005), *aff'd*, 188 F. App'x 994 (Fed. Cir. 2006).  Because we find the agency in compliance under the terms of the compliance initial decision, there is no basis to impose sanctions in the context of the compliance referral action.

¶15    The appellant also requests that the Board order the agency to provide the name of the agency official responsible for complying with its order in accordance with 5 C.F.R. § 1201.183(a)(2).  X-1, Compliance Referral File, Tab 5 at 14-15.  In light of our finding, *infra* ¶ 25, that the administrative judge shall order the agency to provide this information on remand, and because we find that the agency has carried out the order in the compliance initial decision, we need not resolve this issue here.  *See Martin*, 99 M.S.P.R. 59, ¶ 16.

---

[4] The appellant currently has three other appeals pending before the Board:  an individual right of action appeal, *Rosario-Fabregas v. Department of the Army*, MSPB Docket No. NY-1221-11-0253-B-1; a constructive suspension appeal, *Rosario-Fabregas v. Department of the Army*, MSPB Docket No. NY-0752-13-0167-I-1; and a second removal appeal, *Rosario-Fabregas v. Department of the Army*, MSPB Docket No. NY-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-I-2.

¶16	The appellant requests that the Board order an audit of the agency's compliance actions by an independent firm. X-1, Compliance Referral File, Tab 5 at 20-21. Even assuming that the Board has the authority to order such an audit, we have no procedures in place for doing so. We deny the appellant's request. The extant record in this case is sufficient to resolve the issue of compliance with the December 3, 2013 compliance initial decision.

¶17	Finally, the appellant requests that the Board sanction various agency officials for the agency's noncompliance. X-1, Compliance Referral File, Tab 5 at 20-21, Tab 6 at 5-6. Because the agency is now in compliance, pending actions from SSA, we decline to impose sanctions. *See Martin*, 99 M.S.P.R. 59, ¶ 16.

¶18	Having reviewed the agency's and the appellant's submissions, we find that the agency adequately addressed all of the issues that the administrative judge ordered it to address, and that the appellant has not rebutted the agency's proof of compliance. Accordingly, we find that the agency is in compliance under the terms of the administrative judge's December 3, 2013 compliance initial decision.[5]

Petition for Review of the Compliance Initial Decision (C-2, PFR File)

¶19	On review, the appellant argues that the administrative judge failed to acknowledge that the agency did not meet the original 60-day deadline for complying with the Board's November 30, 2011 Final Order. C-2, PFR File, Tab 1 at 5; I-1, PFR File, Tab 21 at 5-6. We acknowledge that the agency did not achieve compliance by the original deadline, but the significance of that fact is unclear in the context of this petition for review.

---

[5] In its response to the appellant's petition for review of the compliance initial decision, the agency argues that the FEHB issue was addressed in the first compliance initial decision dated May 30, 2012, that the appellant was precluded from raising it again in the instant petition for enforcement, and that the administrative judge should not have addressed it in her December 3, 2013 compliance initial decision. C-2, PFR File, Tab 5 at 5-6. Because we find that the agency is now in compliance on this matter, the issue is moot.

¶20        The appellant also argues that the administrative judge failed to address his argument regarding FEGLI deductions.  C-2, PFR File, Tab 1 at 5-6.  We agree. An initial decision must identify all material issues of fact and law,      summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and her legal reasoning, as well as the authorities on which that reasoning rests.  *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980).  Although the agency argues that the appellant has not yet made an election as to whether he wants continuous coverage or a reimbursement of his FEGLI premiums, C-2, PFR File, Tab 5 at 7-9, we will remand for the administrative judge to adjudicate this issue in the first instance.

¶21        The appellant also alleges that various actions that the agency took during the compliance proceedings were acts of retaliation.  C-2, PFR File, Tab 1 at 6. The appellant requests that the Board issue "straightforward" orders so that the agency has less opportunity to commit such actions.  *Id*.  Apart from this, it does not appear that the appellant wishes the Board to take any action based on this information.

¶22        The appellant disagrees with the administrative judge's analysis of his claim regarding restoration of TSP withdrawals.  C-2, PFR File, Tab 1 at 6-7. Specifically, the appellant alleged below that he withdrew funds from his TSP account to cover living expenses during his period of unemployment, and that the agency incorrectly advised him that it was not possible to restore the withdrawals. C-2, Compliance File, Tab 13 at 8.  Thus, he argues that he missed his 90-day window to restore the withdrawn funds.  *See* 5 C.F.R. § 1605.13.  The administrative judge correctly found, however, that agencies do not have a duty to provide notice of that right.  C-2, CID at 6 n.3 (citing *Crazy Thunder-Collier v. Department of the Interior*, 115 M.S.P.R. 82, 86-87 (2010)).  The appellant argues on review that his situation is different because he is not merely alleging that the agency failed to inform him of his right to restore his TSP withdrawals;

he is alleging that it affirmatively misled him into believing that he could not do so. C-2, PFR File, Tab 1 at 6-7.

¶23    We agree with the appellant. The Board has recognized a distinction in other areas between agencies failing to provide information and agencies affirmatively providing misleading or incorrect information. For example, the Board will waive the deadline to make a deposit for post-1956 military service if the appellant inquires of the agency on the matter and the agency provides misinformation that induces him not to make the deposit. However, the Board will not waive the deadline where the appellant's failure to make the deposit is due to a lack of information and he never consulted the agency on the matter. *Thomas v. Office of Personnel Management*, 107 M.S.P.R. 334, ¶ 18 (2007). We find it appropriate to apply the same distinction in this case, and that the instant appeal is therefore unlike *Crazy Thunder-Collier*. The administrative judge shall address this matter on remand.

¶24    The appellant also argues that some of the agency's erstwhile compliance problems are attributable to an improper coding of the SF-50 documenting the cancellation of his removal. C-2, PFR File, Tab 1 at 7-8. To the extent that the appellant is asking the Board to order a correction of the SF-50, we decline to do so because he did not raise the issue below. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

¶25    The appellant also requests that the Board order the agency to provide information regarding the agency official responsible for compliance. C-2, PFR File, Tab 1 at 8. Under 5 C.F.R. § 1201.183(a)(2), if an appellant files a petition for enforcement alleging that the agency is in noncompliance, the agency shall submit the name, title, grade, and address of the agency official charged with complying with the Board's order, and inform such official in writing of the

potential sanction for noncompliance as set forth in 5 U.S.C. §§ 1204(a)(2) and (e)(2)(A), even if the agency asserts it has fully complied. To the extent that the agency has not complied with this regulation, the administrative judge shall order it to do so on remand.

¶26 The appellant argues that the agency is in noncompliance because it initiated an improper Debt Collection Act claim against him that has not yet been resolved. C-2, PFR File, Tab 1 at 8-9, 11. We decline to address this issue because the appellant did not raise it below. *See Banks*, 4 M.S.P.R. at 271.

¶27 The appellant also makes some arguments that appear to pertain to his other pending Board appeals. C-2, PFR File, Tab 1 at 9-10. As we stated above, this petition for review of the compliance initial decision is not the proper place to make arguments related to these other appeals.

¶28 Finally, the appellant requests that the Board join *Rosario-Fabregas v. Department of the Army*, MSPB Docket No. NY-0752-10-0127-P-1 with *Rosario-Fabregas v. Department of the Army*, MSPB Docket No. NY-1221-11-0253-W-2. C-2, PFR File, Tab 1 at 10. We deny the request for joinder on the basis that the Board has already issued a final order in the former matter.

## ORDER

¶29 For the reasons discussed above, we REMAND this case to the field office for further adjudication in accordance with this Remand Order. On remand, the administrative judge shall consider the appellant's arguments that the agency is in noncompliance because it has not reimbursed him his FEGLI deductions for his period of unemployment, and his argument that the agency misled him into not restoring his TSP withdrawals within the time limit for doing so. She shall also order the agency to provide the information required under 5 C.F.R. § 1201.183(a)(2), if the agency has not already provided such information. Finally, to the extent that there remains any dispute regarding the OASDI and

Medicare deductions, the administrative judge shall order the parties to apprise her of the status of the DFAS's request to SSA to process this matter.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS
IN MSPB DOCKET NO. NY-0752-10-0127-X-1**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS
IN MSPB DOCKET NO. NY-0752-10-0127-X-1**

You have the right to request review of this final decision in MSPB Docket No. NY-0752-10-0127-X-1, by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:    _____
           William D. Spencer
           Clerk of the Board

Washington, D.C.